**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**MARCO ISLAND CABLE, a Florida corporation,**

        **Plaintiff,**

-vs-                                                    **Case No. 2:04-cv-26-FtM-29DNF**

**COMCAST CABLEVISION OF THE SOUTH, INC., a Colorado corporation, COMCAST CORPORATION, a Pennsylvania corporation,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO AMEND AND SUPPLEMENT COMPLAINT AND CASE MANAGEMENT ORDER IN COMPLIANCE WITH AMENDMENT (Doc. No. 148)** |
| **FILED:** | December 7, 2005 |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

    The Plaintiff, Marco Island Cable, Inc. ("Marco Island Cable") is requesting that the Court permit it to amend its Complaint to add an additional claim and to add Comcast Corporation and Comcast Cable Communications, LLC. The present Defendant, Comcast Cablevision of the South, Inc. opposes the Motion. On November 29, 2005, the Court entered an Order (Doc. 140) which

allowed the Plaintiff to file a request for leave to amend after the deadline to amend pleadings which was November 4, 2005.

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision whether to permit an amendment is within the sound discretion of the court, however, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) Consequently, the Court must find a justifiable reason in denying a request for leave to amend. *Id*. "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority*, 875 F.Supp. 812 (M.D. Fla., 1995), citing *Foman*, 317 U.S. at 182.

The Court is aware of the liberal policy concerning leave to amend. The Motion for Leave to Amend is difficult to follow due to the extraneous material included in the Motion. Further, Marco Island Cable did not consistently separate the different Defendants in the Motion, making it difficult or impossible for the Court to determine if "Comcast" refers to Comcast of the South, Inc., Comcast Corporation, or Comcast Cable Communications, LLC. The Court has three areas to consider, namely the prejudice to the Defendants, undue delay in bringing the Motion, and futility. Marco Island Cable failed to clearly articulate its arguments concerning these three areas. Comcast of the South, Inc. argues that leave to amend should be denied because it will be prejudiced by the amendment, there is undue delay, and the amendments are futile. Upon review of the Motion, the

Court determines that the issue of futility would be better resolved in a Motion to Dismiss rather than a Motion for Leave to Amend, therefore, the Court will not determine the issue of futility and allow the Defendants to raise it the future, if necessary.

The Court will focus on the allegations of undue delay and prejudice to the present Defendant. A court may deny a motion for leave to amend if the court finds undue delay and undue prejudice to the defendants. *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (District Court did not abuse its discretion in refusing to allow plaintiff to amend since she moved to amend over one year after filing her original complaint and eight months after the time for filing amendments pursuant to the scheduling order.) Marco Island Cable asks to reinstate Comcast Corporation as a Defendant, to add Comcast Cable Communications, Inc. , and to add a Sherman Anti-Trust claim.   Marco Island Cable argues that since the filing of the Complaint,  Comcast Corporation and Comcast of the South, Inc. have continued their monopolistic  activities, and have continued to perpetuate anti-trust business practices. Since the filing of the Complaint, Comcast Cable Communications has taken over the Time Warner cable franchise on Marco Island.  Marco Island Cable claims that in September 2005, Comcast Cable Communications Corporation applied for and was approved for the franchise in Marco Island.  Marco Island Cable argues the Comcast Corporation and Comcast of the South, Inc. have continued in their unfair business practices since the filing of the complaint including imposing illegal control over access to internal wiring located in residential units within multiple dwellings.  Marco Island Cable claims that Comcast (the Court does not know which entity specifically) uses its unfair trade practices to block Marco Island Cable's expansion.

Marco Island Cable appears to be arguing that all three of the Comcast corporations have continued their unfair trade practices since the time of the filing of the Complaint. Marco Island Cable

failed to show that these new alleged unfair trade practices began occurring after November 4, 2005, which was the deadline to amend pleadings. The transfer of Time Warner's franchise was approved in September 2005, however, this approval was before the deadline to amend, and Marco Island Cable failed to show how the transfer of the franchise gave rise to a new claim, or gave rise to new claims against the two new Defendants. Marco Island Cable gave no justifiable reason to have delayed until after the deadline to amend to file its Motion for Leave to Amend.

The Plaintiff then argues that Hurricane Wilma has impacted Marco Island as well and some of the delay is due to this hurricane. Hurricane Wilma hit southwest Florida at the end of October, and the Court acknowledges that delays have occurred due to the devastation of the hurricane. However, Marco Island Cable has not shown that the delay in requesting leave to amend was affected by the hurricane. After carefully reviewing the Motion for Leave to Amend, the Court determines that Marco Island Cable has not shown the Court that delay in asking for leave to amend was justified.

Further, Marco Island Cable has not shown that Comcast of the South, Inc. will not be prejudiced by this amendment. Marco Island Cable is not only asking that a claim be added, but also, that two new Defendants be added. The discovery deadline is March 3, 2006, the dispositive motion deadline is March 15, 2006, and the trial is scheduled for the July 2006 trial term. By adding new parties, the Court will have to extend all of the dates in the case including trial, which is prejudicial to Comcast of the South, Inc. Therefore, the Court respectfully recommends that the Motion for Leave to Amend be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  22nd  day of December, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record