UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO ISLAND CABLE, a Florida corporation,

        Plaintiff,

vs.                              Case No. 2:04-cv-26-FtM-29DNF

COMCAST CABLEVISION OF THE SOUTH, INC., a Colorado corporation, COMCAST CORPORATION, a Pennsylvania corporation,

        Defendants.
_____/

**ORDER**

     This matter comes before the Court on plaintiff's Motion to Amend and Supplement Complaint and Case Management Order in Compliance with Amendment (Doc. #148) filed on December 7, 2005. The assigned magistrate judge has filed a Report and Recommendation (Doc. #158) recommending that the motion be denied. Plaintiff has filed Objections (Docs. #161, 162, 163, 164, 165) to the Report and Recommendation. Plaintiff has also filed a Request for Judicial Notice and In Camera Hearing for Review of Documents Relevant to Marco Island's Objections to Magistrate [Judge]'s Report and Recommendation to Deny Motion to Amend (Doc. #166).

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. §

636(b()1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

The court concludes that the Report and Recommendation is correct, and the proposed amended and supplemental complaint should not be allowed. The proposed new pleading is inherently vague and confusing because it lumps all three defendants as "Comcast" and fails to put defendants or the court on notice of just what it is that each defendant is alleged to have done or the basis of liability for each defendant. If counsel is unable to do so, filing a complaint may violate obligations under Fed. R. Civ. P. 11(b). Additionally, the new Count IV fails to state a claim as to anyone, fails to incorporate any factual paragraphs, and fails to identify which defendants are named in the count. Further, the

jurisdictional paragraphs fail to allege any federal jurisdiction.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #158) is **accepted and adopted**.

2.  Plaintiff's Motion to Amend and Supplement Complaint and Case Management Order in Compliance with Amendment (Doc. #148) is **DENIED**.

3.  The Request for Judicial Notice and In Camera Hearing for Review of Documents Relevant to Marco Island's Objections to Magistrate [Judge]'s Report and Recommendation to Deny Motion to Amend (Doc. #166) is **GRANTED** as to judicial notice of the contents of the court file, and is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of January, 2006.

```
                                    _____
                                    JOHN E. STEELE
                                    United States District Judge
```

Copies:
Magistrate Judge
Counsel of record