```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

MARCO ISLAND CABLE, INC., a Florida
corporation,

                Plaintiff,

vs.                                           Case No. 2:04-cv-26-FtM-29DNF

COMCAST CABLEVISION OF THE SOUTH,
INC., a Colorado corporation,

                Defendant.
_____/

**OPINION AND ORDER**

     This matter comes before the Court on Plaintiff Marco Island Cable's Renewed Motion for Reconsideration (Doc. #234) filed on March 15, 2006. Plaintiff also requests a hearing for oral argument with respect to its motion. Defendant Comcast of the South, Inc. filed its Response on March 27, 2006. (Doc. #238.) In its Response, Comcast opposes the request for a hearing. Finding that the Court has been fully briefed by the parties, the Court will deny plaintiff's request for a hearing.

    In plaintiff's Renewed Motion for Reconsideration, plaintiff asks the Court to reconsider its ruling on defendant's partial summary judgment motion. Plaintiff contends that the Court committed a serious reversible error in denying plaintiff's first Motion for Reconsideration. Specifically, plaintiff asserts that (1) new evidence in the form of internal electronic messages produced by defendant demonstrate that defendant engaged in

unlawful actions and (2) that the Court erroneously relied on <u>Cable Holdings of Georgia v. Home Video, Inc.</u>, 825 F.2d 1559 (11th Cir. 1987) with respect to the issues of preparedness and intent to expand.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. <u>American Ass'n of People with Disabilities v. Hood</u>, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003), citing <u>Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.</u>, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993). Under Rule 59(e), courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." <u>PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.</u>, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. <u>Taylor Woodrow</u>, 814 F. Supp. at 1073; <u>PaineWebber</u>, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the

factual or legal underpinning upon which the decision was based. Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsborough County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

Plaintiff contends that reconsideration is necessary to correct clear error and prevent manifest injustice. In support of this contention, however, plaintiff has done no more than reargue the merits of its position from plaintiff's opposition to defendant's motion for partial summary judgment and plaintiff's first motion for clarification. The Court has rejected that position and plaintiff has provided no reason to reconsider that decision. Thus, the Court concludes that plaintiff's motion is due to be denied. The Court will not reconsider the issues raised in the present motion again.

Accordingly, it is now

**ORDERED**:

Plaintiff Marco Island Cable's Renewed Motion for Reconsideration (Doc. #234) is **DENIED**.  The Court also denies plaintiff's request for a hearing.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of April, 2006.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record