```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

MARCO ISLAND CABLE, INC., a Florida
corporation,

                Plaintiff,

vs.                                      Case No.  2:04-cv-26-FtM-29DNF

COMCAST CABLEVISION OF THE SOUTH,
INC., a Colorado corporation,

                Defendant.
_____

## OPINION AND ORDER

     This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Denial of Plaintiff's Motion to Amend and Supplement Its Complaint (Doc. #338), filed on June 5, 2006. Defendant's Opposition (Doc. #343) was filed on June 9, 2006.

**I.**

     On May 22, 2006, Plaintiff's Motion to Amend and Supplement Its Complaint (Doc. #312) was filed. On May 25, 2006, the assigned magistrate judge entered an Order (Doc. #333) denying the motion after conducting an analysis under Fed. R. Civ. P. 15(a). Plaintiff's objections to that Order include the argument that a magistrate judge cannot deny a motion to amend, since such an order would effectively be a decision on a dispositive matter and is thus outside the authority of a magistrate judge. Plaintiff cites no case authority, and a relatively quick look by the undersigned found no Eleventh Circuit case deciding the matter. E.g., Gramegna

v. Johnson, 846 F.2d 675 (11th Cir. 1988)(reversing a magistrate judge's denial of a motion to amend complaint as an abuse of discretion, but not addressing whether the magistrate judge had the authority to rule upon the motion). Since it is at least arguable that a decision to deny a motion to amend a complaint is a dispositive ruling outside the authority of a magistrate judge, the undersigned will vacate the magistrate judge's Order and determine the motion to amend *de novo*. The Court will construe Defendant's Opposition (Doc. #343) as a response to the motion to amend.

**II.**

The January 18, 2005, Case Management and Scheduling Order (Doc. #57) set February 11, 2005, as the deadline to file motions to amend the pleadings. An Amended Case Management and Scheduling Order (Doc. #69) extended this date until November 4, 2005. After this deadline, plaintiff filed a Motion (Doc. #128) for an extension of time to file an amended complaint. The magistrate judge, noting both the lateness of the motion and the liberal standard for allowing amendments, granted plaintiff's request and extended the time to file a motion for leave to amend the complaint until December 7, 2005. On that date plaintiff filed a Motion to Amend and Supplement Complaint and Case Management Order in Compliance with Amendment. (Doc. #148.) In due course the magistrate judge filed a Report and Recommendation (Doc. #158) recommending that the motion be denied. On January 12, 2006, the

undersigned entered an Order (Doc. #173) accepting and adopting the Report and Recommendation and denying the motion to amend. On May 22, 2006, plaintiff filed its current Motion to Amend and Supplement Its Complaint. (Doc. #312.)

The current motion to amend was filed over five (5) months after the December 7, 2005, cutoff date set forth in the most recent amended scheduling order. Since the motion to amend the complaint was filed after the scheduling order deadline, plaintiff must first demonstrate good cause under Fed. R. Civ. P. 16(b) before the court will consider whether amendment is proper under Fed. R. Civ. P. 15(a). Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Id. at 1418 (citation omitted).

Despite plaintiff's claim to the contrary (Doc. #312, pp. 9-10), the Court concludes that plaintiff has not shown good cause for the untimely filing of the motion to amend. Plaintiff asserts that good cause exists because it did not become fully aware that defendant was confused as to the nature and scope of some of its claims until reading defendant's April 21, 2006 reply brief and defendant's May 15, 2006 opposition to a motion. The Court is unconvinced that this constitutes good cause. If the record in this case establishes anything, it is that the parties to this case have seldom agreed upon anything, and have consistently viewed each

other's positions as confused, wrong, or worse. It can hardly be considered good cause simply to assert that your adversary was confused, and therefore an untimely amended complaint is justified.

Additionally, the discovery process ended on March 3, 2006, yet the motion to amend was not filed for over two months. The March 3, 2006, stipulation as to the tax matter can hardly justify the delay as to the many expanded allegations set forth in the proposed amended complaint. While plaintiff asserts that it is clarifying the scope of the FDUTPA[1] claims and supplementing the specific deceptive practices, neither establishes good cause for not having done so in a timely manner.

Finally, plaintiff argues that its proposed amended complaint "would only seek to provide greater specificity and clarity regarding the damage claims and their basis. In this way, Comcast is actually assisted in narrowing the focus of its defense." (Doc. #312, p. 10.) The proposed amended complaint states that plaintiff "estimates that it has suffered hundreds of thousands of dollars in monetary damages on the island of Marco Island and millions of dollars of damages on the mainland as a result of Comcast's deceptive, unfair and anticompetitive trade practices." (Doc. #312-2, ¶¶ 39, 55.)[2]  Even if this somehow provides greater

---

[1] Plaintiff's FDUPTA claims are based on the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. § 501.201, *et seq*.

[2] Plaintiff estimates that is damages on Marco Island are at least $300,000 and its damages off the island exceed $5.8 million.
(continued...)

specificity and clarity, the Court seriously doubts that the proposed amended complaint narrows the focus of defendant's defense. In any event, this would not provide good cause for the untimely filing of the motion to amend.

Even if the Court were to reach a Rule 15(a) analysis, the Court would find that the motion to amend should be denied. It is well settled that under Rule 15(a), leave to amend shall be freely given when justice so requires, but a motion to amend may be denied on numerous grounds including undue delay, bad faith or dilatory tactics, undue prejudice to defendant, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962); Maynard v. Bd. of Regents of the Div. Of Univs. of the Fla. Dep't Of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003). In Maynard, the Eleventh Circuit found no abuse of discretion in denying a motion to amend filed on the last day of an extended discovery period. Id.

In the current case, the finds both undue delay and undue prejudice to defendant. The Court finds no good reason has been articulated for the delay, and that the changes in the proposed amended complaint would unduly prejudice defendant if allowed. The proposed amended complaint greatly expands the number and type of alleged unfair trade practices in Court I. The original Complaint alleged that defendant's unfair trade practices were compensating developers for entering into exclusive contracts to bind future

---

[2](...continued)
(Doc. #312, p. 8.)

condominium and homeowners to Comcast, threats and litigation to enforce exclusive contracts, discriminatory and predatory pricing, and threats to remove cable wiring. (Doc. #2, ¶¶ 26-27.) The proposed amended complaint contains new unfair trade practices allegations (see Doc. #312, pp. 5-6) which greatly expand the allegations in the original Complaint. The proposed changes to Counts II and III are less dramatic, but nevertheless expand the claims from the "exclusive contracts" to the "exclusive contracts and rights of use."

Accordingly, it is now

**ORDERED**:

1. The Order (Doc. #333) denying Plaintiff's Motion to Amend and Supplement its Complaint is **vacated**.

2. Plaintiff's Objections to the Magistrate Judge's Denial of Plaintiff's Motion to Amend and Supplement Its Complaint (Doc. #338) are **denied as moot**.

3. Plaintiff's Motion to Amend and Supplement its Complaint (Doc. #312) is **denied**.

**DONE AND ORDERED** at Fort Myers, Florida, this   21st   day of June, 2006.

                                                                    _____
                                                                    JOHN E. STEELE
                                                                    United States District Judge

Copies:
Magistrate Judge
Counsel of record