UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO ISLAND CABLE, INC., a Florida
corporation,

        Plaintiff,

vs.                          Case No. 2:04-cv-26-FtM-29DNF

COMCAST CABLEVISION OF THE SOUTH,
INC., a Colorado corporation,

        Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant's Motion to Exclude the Proposed Expert Testimony of Garth T. Ashpaugh (Doc. #243), and supporting Memorandum (Doc. #S-4), both filed on March 15, 2006. Plaintiff filed a Memorandum in Opposition (Doc. #249), and with the Court's permission, defendant filed a Reply (Doc. #355).

    Also before the Court is Defendant's Motion to Exclude the Proposed Expert Testimony of Chris Pedersen (Doc. #244), and supporting Memorandum (Doc. #S-5), both filed on March 15, 2006. Plaintiff filed a Memorandum in Opposition on April 4, 2006. (Doc. #250.)

I.

The legal principles governing the admissibility of expert testimony are well settled. Federal Rule of Evidence 702 is the starting point, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the case.

In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999) and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) the Supreme Court held that the trial court had a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)(*en banc*).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at tissue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. V. Club Car (Quebec) Import, Inc., 362 F.3d 775, 780 (11th Cir. 2004). See also United States v. Hansen, 262 F.3d 1217, 1234 (11th Cir.

2001).  "The burden of laying a proper foundation for the admissibility of an expert's testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence."  Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1261 (11th Cir. 2004).  See also McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002).  The admission of expert testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination.  Cook ex rel. Tessler v. Sheriff of Monroe County, 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address.  Hansen, 262 F.3d at 1234; City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 563 (11th Cir. 1998).  Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education.  Frazier, 387 F.3d at 1260-61.  Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact.  Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n.7 (11th Cir. 2005).

The second requirement, discrete and independent from the witness's qualifications, is reliability.  Frazier, 387 F.3d at 1261.  While the criteria used to evaluate the reliability of non-scientific, experience-based testimony may vary from case to case,

the district court must evaluate the reliability of the testimony before allowing its admission at trial. Id. at 1261-62.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming. Id. at 1263. Additionally, an expert witness may not offer a legal conclusion, but Rule 704(a) provides that an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Cook, 402 F.3d at 1112-13 n.8.

## II.

Defendant seeks to exclude the testimony of plaintiff's expert Garth T. Ashpaugh. Ashpaugh's Declaration has been filed under seal (Doc. #S-6); to the extent the Court quotes from or summarizes the Declaration, the Court has determined that those portions need not be sealed.

Initially, it is important to determine the area(s) of expertise upon which Ashpaugh is being offered. Contrary to defendant's concern, plaintiff asserts that Ashpaugh "is not being proffered as an antitrust expert," (Doc. #249, p. 2), and "is not being proffered to demonstrate antitrust causation[,]" (id. at 3). Rather, plaintiff asserts that Ashpaugh is being proffered as an expert "certified public accountant with significant utility regulatory experience in the field of cable television," and that his testimony relates specifically to these areas of expertise. (Id. at 1-2.) More specifically, plaintiff asserts that Ashpaugh will testify concerning "accounting and pricing practices," (id. at 3); Comcast's rates, pricing structure, and business practices with respect to multiple dwelling units (MDU); franchising obligations; and the critical interplay of the Federal Communication Commission's (FCC) cable inside wiring rules with respect to facilitating cable access, competition, and consumer choice (id. at 5-7).

Given Ashpaugh's background and qualifications (Doc. #S-6, Exhibit X, ¶¶ 2-5), the Court finds: (1) Ashpaugh is not qualified to testify as an antitrust expert. (2) Ashpaugh is qualified to testify as an expert concerning Comcast's accounting and rate structure with respect to MDUs.[1] (3) Ashpaugh is not qualified to

---

[1] Defendant agrees that Ashpaugh "might" be qualified to testify as an expert concerning Comcast's accounting and rate structure. (Doc. #272-2, p. 7.)

testify as to Comcast's "business practices" with respect to MDUs because plaintiff has not established his qualification for such a generic and undefined expertise. (4) Plaintiff has established Ashpaugh is a qualified expert in "franchising obligations," but since none of Ashpaugh's opinions concerning franchising obligations have been identified in his Declaration he will not be allowed to testify about this area. (5) Ashpaugh is qualified to testify concerning the FCC cable inside wiring rules, but he is not qualified to express an opinion concerning the impact of these rules in facilitating cable access, competition, and consumer choice.

Addressing the specifics of Ashpaugh's Declaration (Doc. #S-6, Exhibit X), the Court finds that much of the proposed testimony goes beyond his areas of expertise, and thus he is not qualified to give expert testimony as to these matters. Ashpaugh's opinion in ¶6(1) clearly relates to an antitrust matter which is beyond his qualifications. As to ¶6(2), Ashpaugh is qualified to testify concerning the rules, but not as to obligations under franchises or the business practices of Comcast. To the extent that anyone can tell what ¶6(3) means, it also exceeds his qualifications. Paragraph 6(4) expresses an antitrust opinion beyond Ashpaugh's qualifications as a certified public accountant. It cannot be determined what Ashpaugh's "expert opinion on cable television franchising" in ¶6(5) is or relates to, and therefore no testimony will be allowed as to this. Paragraph 15 is within Ashpaugh's

expertise, as is paragraph 17 (except for the last sentence), 18, 19, 20, 21 (except the last sentence), and 22 (except the last four sentences, beginning with "Based on this, . . ."). Paragraphs 23 through 28 relate to antitrust matters beyond the scope of Ashpaugh's expertise. Paragraphs 29 and 30 are within his expertise, while paragraphs 31-32 are not. Paragraphs 33-34 relate to legal matters for which no expert opinion is necessary. Paragraph 35 is an engineering matter outside Ashpaugh's expertise. Paragraph 36 is inadmissible both as a legal opinion and outside the scope of his expertise. Paragraphs 37-39 are not within the scope of his expertise.

In sum, the Court finds that Ashpaugh is qualified to testify concerning the matters contained in paragraphs 1-5, 6(2), 7-14, 15-22, 29-30, 40-41 of his Declaration[2], but is not qualified to testify as to paragraphs 6(1), 6(3), 6(4), 6(5), 23-28, 31-39 of his Declaration.

The Court finds that the testimony summarized in the Declaration paragraphs 1-5, 6(2), 7-14, 16-22, 29-30, 40-41 of his Declaration is sufficiently reliable to satisfy the second requirement, and that it will be helpful to the jury. The Court further finds that the probative value of this testimony is not

---

[2]Ashpaugh may testify to the contents in paragraphs 6(2), 17, 21, 22 subject to the limitations the Court described above. When the Court refers to these paragraphs from hereon, the Court includes the above-mentioned restrictions on Ashpaugh's testimony with respect to these paragraphs.

substantially outweighed by its potential to confuse or mislead the jury, and will not be cumulative or needlessly time consuming. Finally, the Court finds that as to those matters which will be admissible, Rule 26(a)(2)(B) has been satisfied.

Defendant also argues that any admissible portion of Ashpaugh's testimony would not be relevant. The Court will take the relevancy objection under advisement, and defendant may re-raise this objection at trial prior to Ashpaugh's testimony if it feels the objection is still appropriate at that time.

### III.

Defendant also seeks to exclude the testimony of Chris Pederson, plaintiff's expert as to damages. Pederson is obviously well qualified in the area. The Court agrees with defendant that Pederson's testimony must be based on the costs of providing cable service by microwave technology outside of Marco Island. Having carefully reviewed the materials submitted, the Court finds that plaintiff has satisfied its burden with regard to the requirements for the admissibility of Pederson's expert testimony as to damages. While defendant is not without impeachment material, the Court concludes that the testimony is admissible and its weight, if any, is for the jury.

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion to Exclude the Proposed Expert Testimony of Garth T. Ashpaugh (Doc. #243) is **GRANTED** in part and **DENIED** in part as set forth above.

2.   Defendant's Motion to Exclude the Proposed Expert Testimony of Chris Pedersen (Doc. #244) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of June, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record