```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

MARCO ISLAND CABLE, INC., a Florida
corporation,

               Plaintiff,

vs.                              Case No.  2:04-cv-26-FtM-29DNF

COMCAST CABLEVISION OF THE SOUTH,
INC., a Colorado corporation,

               Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Strike Declarations of Chris Pedersen (Doc. #276), filed on April 21, 2006. Plaintiff's Memorandum in Opposition (Doc. #290) was filed on May 2, 2006. Also before the Court is Defendant's Motion to Strike Declaration of William Hilliard (Doc. #282), filed April 25, 2006. Plaintiff's Memorandum in Opposition (Doc. #298) was filed on May 8, 2006.

### I.

Defendant seeks to strike the Declaration of Chris Pederson Opposing Motion to Exclude (Doc. 3250-2), filed April 4, 2006, and the Second Declaration of Chris Pederson in Support of MIC's Opposition to Comcast's Motions for Summary Judgment and Motions to Exclude (Doc. #S-9), filed on April 6, 2006. Defendant asserts

that portions of the Pedersen declarations constitute expert rebuttal evidence, and since the Court set March 3, 2006, as a cutoff for disclosure of rebuttal expert reports, the declarations are untimely.

Federal Rule of Civil Procedure 26(a)(2)(C) governs initial disclosure of rebuttal expert testimony and states in pertinent part as follows:

> These disclosures shall be made at the times and in the sequence directed by the court.  In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.  The parties shall supplement these disclosures when required under subdivision (e)(1).

When a party fails to timely disclose this information, and upon motion by the opposing party, Fed. R. Civ. P. 37(c)(1) provides in pertinent part as follows:

> A party that without substantial justification fails to disclose the information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

On January 30, 2006, the Court issued an Order setting March 3, 2006, as the deadline for disclosure of plaintiff's rebuttal expert reports.  (Doc. #188.)

In defendant's motion to strike, defendant objects to paragraphs 22-26 in the Second Amended Declaration of Pedersen

which was filed on April 4, 2006. Defendant contends that these paragraphs constitute rebuttal testimony and should be stricken for plaintiff's failure to timely disclose a rebuttal expert report. Defendant urges the Court to strike the entire Second Amended Declaration as well as the Amended Declaration.

The offending paragraphs relate to testimony given by defendant's experts on March 21, 2006, and March 29, 2006. Since the depositions were after the March 3, 2006, cutoff date, the Court finds substantial justification for the late disclosure. The Court also finds no prejudice to defendant. Therefore, the motion to strike will be denied.

**II.**

Defendant also seeks to strike William Hilliard's declaration (Doc. #254-13), which was submitted in support of plaintiff's opposition to defendant's partial summary judgment motion. Defendant argues that Hilliard is providing expert testimony, and plaintiff's failure to timely produce an expert report from Hilliard warrants striking his declaration in its entirety. (Doc. #282, p. 9.) In response, plaintiff characterizes Hilliard as a "hybrid" witness from whom an expert report is not required. Plaintiff contends that it did not retain Hilliard as an expert, and therefore, compliance with Rule 26 expert disclosures is unnecessary. Plaintiff further claims that it designated Hilliard as a "hybrid" witness in Plaintiff's Expert and Hybrid Witness

Designation on January 5, 2006. Hilliard is plaintiff's lead contractor who provides cable installation. (Doc. #298, p. 5.)

"Rule 26 imposes specific disclosure requirements upon any witness 'who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony.'" Prieto v. Malgor, 361 F.3d 1313, 1317 (11th Cir. 2004)(quoting Fed. R. Civ. P. 26(a)(2)(B)). "Notice of the expert witness' name is not enough." Id. at 1317-18. Furthermore, "[a]ny party that 'without substantial justification' fails to disclose this information is not permitted to use the witness as evidence at trial 'unless such failure is harmless.'" Id. at 1318 (quoting Fed. R. Civ. P. 37(c)(1)). The Eleventh Circuit recognizes that Rule 26 excludes "at least some employees but construed that exception as limited to experts who are testifying as fact witnesses, although they may also express some expert opinions." Id. (internal quotation marks and citation omitted).

In Prieto, the Eleventh Circuit held that the challenged employee witness was not a "hybrid" witness, but rather an expert witness, when the employee witness had no connection to the specific events underlying the case apart from his preparation for trial. Id. at 1318-19. The Eleventh Circuit reasoned that "allowing a blanket exception for all employee expert testimony would create a category of expert trial witness for whom no written disclosure is required and should not be permitted." Id. at 1318

(internal quotation marks and citation omitted). Based on a review of the record, the appellate court held that the <u>Prieto</u> employee witness was not "analogous to that of a treating physician, the example offered by the Advisory Committee of an employee exempt from the written report requirement." <u>Id.</u> at 1319.

Similarly in this case, the Court finds that Hilliard does not satisfy the requirements of the Rule 26 exception. Both parties agree that Hilliard did not provide an expert report. Hilliard was retained to repair wiring in the Anglers Cove property and to install the cable wiring installation at the Belize property. However, Hilliard provides his opinion on the cost and feasibility of installing a second set of cable wiring throughout multiple dwelling units on Marco Island and in Collier County. (Doc. #254-13, pp. 3-4.) He then concludes "[t]he only reasonable and in my opinion the only possible option where two competitors want to service subscribers in the same building is to share the internal wiring, i.e., home run and home wiring." (<u>Id.</u> at 4.) The Court finds that Hilliard's Declaration is replete with expert testimony, and that Hilliard is being utilized as an expert witness, and not a "hybrid" witness. As such, the Court concludes that, pursuant to Rule 37, defendant's Motion to Strike the Hilliard Declaration is due to be granted based on plaintiff's failure to comply with Rule 26.

Accordingly, it is now

**ORDERED:**

    1.   Defendant's Motion to Strike Declarations of Chris Pedersen (Doc. #276) is **DENIED**.

    2.   Defendant's Motion to Strike Declaration of William Hilliard (Doc. #282) is **GRANTED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of June, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record