UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO ISLAND CABLE, INC., a Florida
corporation,

                    Plaintiff,

vs.                                    Case No.  2:04-cv-26-FtM-29DNF

COMCAST CABLEVISION OF THE SOUTH,
INC., a Colorado corporation,

                    Defendant.
_____

### OPINION AND ORDER

_____This matter comes before the Court on (1) Comcast of the
South, Inc.'s Motion for Judgment as a Matter of Law on Count I
(Doc. #437); (2) Comcast of the South, Inc.'s Motion for New Trial
(Doc. #438); and (3) Comcast of the South Inc.'s Motion for
Remittitur (Doc. #436), all of which were filed on March 23, 2007.
Plaintiff's Memorandum in Opposition to Defendant's Motions for a
New Trial, for Judgment as a Matter of Law on Count I, and for
Remittitur (Doc. #457) was filed on April 14, 2007.  Also before
the Court are Plaintiff's Motion for Attorney Fees and Costs (Doc.
#441) filed on March 23, 2007; Comcast of the South Inc.'s Opposed
Motion for Review of Action of the Clerk in Taxing Plaintiff Marco
Island Cable, Inc.'s Bill of Costs Against Defendant (Doc. #452),
filed April 3, 2007; and Plaintiff's Partially Unopposed Motion for
Stay of Consideration of Attorneys' Fees or, in the Alternative,
for Establishment of a Schedule and Procedures to Determine the
Reasonable of Such Fees (Doc. #465), filed on April 30, 2007.

## I.

The parties are familiar with the history of this lengthy and intensely litigated case, and therefore the Court will not detail the prior proceedings. The case was tried by a jury as to the remaining aspects of Count I, a claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and by the Court sitting without a jury as to Count II, a declaratory judgment claim relating to FLA. STAT. § 718.1232. The jury rendered a verdict of $3,268,392.00 in favor of plaintiff Marco Island Cable, Inc. (MIC), and the Court rendered a verdict in favor of Comcast Cablevision of the South, Inc. (Comcast). MIC has an appeal pending in the Eleventh Circuit from the Court's decision[1], and Comcast has pending the post-verdict motions described above relating to the trial and jury verdict of Count I.

## II.

Comcast seeks judgment as a matter of law pursuant to FED. R. CIV. P. 50(b) on the grounds that: (1) there is insufficient evidence that Comcast's conduct was prohibited by FDUTPA, and was instead simply permissible competitive conduct; (2) Comcast's

---

[1] It would appear that MIC's Notice of Appeal from the judgment was premature since the time to file a notice of appeal is tolled if any party files a motion for judgment under Rule 50(b) or a motion for a new trial under Rule 59. FED. R. APP. P. 4(a)(4)(A)(i), (v). Since a notice of appeal filed before the court disposes of such a motion becomes effective when the order disposing of the last such remaining motion is entered, FED. R. APP. P. 4(a)(4)(B)(i), the Court has jurisdiction to resolve the motions despite the Notice of Appeal.

conduct was excluded from FDUTPA because it was specifically permitted by federal law; (3) Comcast had a right to enforce its legal rights and seek redress without exposure to liability under FDUTPA; and (4) MIC's damages claim was not legally sufficient. Comcast seeks a new trial pursuant to FED. R. CIV. P. 59 on the grounds that: (1) the jury verdict is against the greater weight of the evidence because there is (a) no evidence of proximate causation, and (b) insufficient proof of actual damages; (2) erroneous jury instructions were given as to damages and other matters; and (3) the damages were grossly excessive. Alternatively, Comcast seeks remittitur of the verdict to $800,000, the largest amount supported by evidence and consistent with the jury instructions.

**A.**

A Rule 50 judgment as a matter of law is appropriate "when there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim." Collado v. UPS, 419 F.3d 1143, 1149 (11th Cir. 2005)(citations omitted). Resolution of such a motion focuses on whether there is a legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. The Eleventh Circuit has recently emphasized that "in deciding on a Rule 50 motion a district court's proper analysis is squarely and narrowly focused on the sufficiency of evidence." Chaney v. City of Orlando, Fla., No. 06-12647, ___ F.3d ___, 2007 WL 1063010, *5,

2007 U.S. App. LEXIS 8288, *16 (11th Cir. Apr. 11, 2007). As such, "[t]he jury's findings should be excluded from the decision-making calculus on a Rule 50(b) motion, other than to ask whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial." Id. 2007 WL at *6, 2007 U.S. App. LEXIS at 20-21. The Court looks at the record evidence drawing all inferences in favor of the nonmoving party, Collado, 419 F.3d at 1149. A Rule 50 motion may not be granted if reasonable and fairminded persons in the exercise of impartial judgment might reach different conclusions from the evidence at trial. Walls v. Button Gwinnett Bancorp, Inc., 1 F.3d 1198, 1200 (11th Cir. 1993).

                                   **B.**

     A Rule 59 motion for a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in courts of the United States; . . ." FED. R. CIV. P. 59(a). Such reasons include a verdict which is against the weight of the evidence, a jury's award of damages which are excessive, and substantial errors in the admission or rejection of evidence or the instructions to the jury. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). In reviewing the weight of the evidence, the Court cannot substitute its own credibility choices and inferences for the reasonable choices and inferences made by the jury. Walls, 1 F.3d at 1201; Redd v. Phenix City, 934 F.2d

1211, 1215 (11th Cir. 1991).  Jury instructions must fairly and adequately address the issues and correctly state the law, and a motion for new trial may be granted in the trial court's sound discretion on the ground that erroneous and prejudicial jury instructions were given.  <u>Christopher v. Cutter Labs.</u>, 53 F.3d 1184, 1190-91 (11th Cir. 1995).  While "[a] federal court has no general authority to reduce the amount of a jury's verdict," <u>Johansen v. Combustion Eng'g, Inc.</u>, 170 F.3d 1320, 1328 (11th Cir. 1999), it has discretionary authority to grant a new trial if the verdict is so excessive as to shock the conscience of the court, <u>Carter v. Decisionone Corp.</u>, 122 F.3d 997, 1006 (11th Cir. 1997).  With plaintiff's consent, a district court may direct a remittitur of the amount awarded by the jury.  <u>Johansen</u>, 170 F.3d at 1328-29.

## III.

The Court finds that Comcast is not entitled to a judgment as a matter of law.  Viewing the evidence as a whole and in the light most favorable to MIC, the Court finds that a reasonable jury could find that Comcast committed acts prohibited by FDUTPA which were beyond legitimate competition.  The Court further finds that such conduct was not excluded from the reach of FDUTPA by any federal law or by Comcast's right to enforce its legal rights and to seek redress of legitimate grievances.  Additionally, viewing the evidence as a whole and in the light most favorable to MIC, the Court finds that a reasonable jury could find that <u>some</u> amount of

actual damages were suffered by MIC as the proximate result of conduct by Comcast which violated FDUTPA.  Accordingly, Comcast's motion for judgment as a matter of law is denied.

**IV.**

Comcast also seeks a new trial on various grounds.  The Court finds that a new trial is necessitated because of the excessive damage award; the other grounds would not warrant a new trial.

Comcast argues that, assuming MIC proved Comcast committed unfair or deceptive acts, MIC presented insufficient evidence to show that its alleged damages at particular Multiple Dwelling Units (MDUs) were proximately caused by acts directed to those MDUs, and at most there was only self-serving testimony and speculation as to causation.  Comcast points out that MIC did not present the testimony of any MDU to the effect that it did not contract with MIC because of Comcast's conduct.  In the Courts view, the evidence is sufficient for a reasonable jury to have found proximate cause.

Comcast next argues that MIC failed to prove any "actual damages," as required by FDUTPA.  The Court finds that the evidence is sufficient for a reasonable jury to have found some amount of actual damages.  As discussed below, however, the court finds the amount of damages awarded not to be supported by the evidence and therefore excessive.

Comcast argues that the Court's jury instruction on FDUTPA actual damages was erroneous because it stated a legally incorrect measure of actual damages.  Comcast also challenges jury

instructions concerning the FCC Wiring Rules. The Court finds no error or prejudice from the jury instructions given.

Comcast argues that the Court's jury instructions and comments suggested that it was liable for pre-July, 2001 damages. The Court's jury instruction and comments, as quoted by Comcast in its motion, actually say just the opposite. The Court admitted evidence prior to July 1, 2001, as background or to explain the context of conduct on or after July 1, 2002, as the jury was instructed. Comcast's proposed instructions were not given because the Court's jury instructions adequately covered the matters. Therefore, a new trial is not justified because of the Court's jury instructions, lack of jury instructions, or comments.

Comcast asserts that the Court should not have allowed MIC's damage expert, Chris Pedersen, to testify over objection on the seventh day of trial that the value of MIC after the improper conduct of Comcast had decreased by about $800,000.00 because this opinion had never been disclosed prior to trial. Comcast also challenges the admissibility of certain other evidence admitted during the course of the trial. The Court concludes that the evidence admitted was well within the Court's discretion, and that a new trial is not warranted on this basis.

The Court further finds, however, that no reasonable jury could find damages in the amount of $3,268,392.00. There were only three sources of damage evidence presented at trial. William Gaston testified to damages of $297,293.00. Chris Pedersen

-7-

testified to damages of $336,000.00 and $800,000.00. The Court finds unconvincing MIC's argument that the jury could have arrived at the $3.2 million verdict based upon other evidence in the record relating to single-family homes. Single family homes did not fall within the scope of the complaint, which was limited to MDUs on Marco Island, and in any event would not provide support anywhere near the jury award. There was no evidence which would support the jury's award of more than $3.2 million; the evidence, viewed in a light most favorable to MIC, at most supports damages of $800,000.00. Comcast is entitled to a new trial because the damages awarded by the jury are grossly excessive and shocks the conscience of the Court.

Accordingly, it is now

**ORDERED**:

1. Comcast of the South, Inc.'s Motion for Judgment as a Matter of Law on Count I (Doc. #437) is **DENIED**.

2. Comcast of the South, Inc.'s Motion for New Trial (Doc. #438) is **GRANTED** as to Count I and the Jury Verdict (Doc. #416) is **set aside**. Pursuant to FED. R. CIV. P. 54(b), the Judgment (Doc.

#434) is **vacated** in its entirety.[2]  The case will be placed on the Court's trial calendar by separate notice.

3.  Comcast of the South Inc.'s Motion for Remittitur (Doc. #436) is **DENIED.**

4.  Plaintiff's Motion for Attorney Fees and Costs (Doc. #441) is **DENIED** because plaintiff is not the prevailing party.

5.  Comcast of the South Inc.'s Opposed Motion for Review of Action of the Clerk in Taxing Plaintiff Marco Island Cable, Inc.'s Bill of Costs Against Defendant (Doc. #452) is **GRANTED** to the extent that the Bill of Costs (Doc. #446) taxed by the Clerk is **vacated** since plaintiff is not the prevailing party.

6.  Plaintiff's Partially Unopposed Motion for Stay of Consideration of Attorneys' Fees or, in the Alternative, for Establishment of a Schedule and Procedures to Determine the Reasonable of Such Fees (Doc. #465) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of May, 2007.

JOHN E. STEELE
United States District Judge

Copies:  USCA

---

[2]The Court declines to *sua sponte* certify that the decision as to Count II is final, or that a piecemeal appeal of the case is appropriate.  Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980); In re Southeast Banking Corp., 69 F.3d 1539 (11th Cir. 1995); Lloyd Noland Found., Inc. v. Tenet Health Care Corp., __ F.3d ____, 2007 WL 1000899, 2007 U.S. App. LEXIS 8475 (11th Cir. Apr. 4, 2007).